IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE ANTHONY, | Civil Action |
| Plaintiff, | No. 2:21-cv-891 |
| v. | |
| BOEHRINGER INGELHEIM PHARMACUETICALS, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, by undersigned counsel files this Civil Complaint and alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; 28 U.S.C. §§1331, and 1343(a) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all administrative prerequisites to suit under the ADA in that:

   a. He filed a timely Complaint with the Pennsylvania Human Relations Commission on February 11, 2021 and cross filed with the Equal Employment Opportunity Commission;

   b. The EEOC issued a Notice of Right to Sue on May 20, 2021;

   c. This Complaint is filed within 90 days of receipt of that notice; and

3. Defendant is a covered entity within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12111(2), and (5)(A).

## II. Parties

4. Plaintiff Jesse Anthony ("Anthony") is an adult individual and qualified individual with a disability who resides at 345 Lemmon Hollow Road, Kittanning, PA 16201. At all times relevant hereto, he was employed by Defendant Boehringer Ingelheim Pharmaceuticals, Inc.

5. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("Defendant") is a corporation with its principal place of business at 900 Ridgebury Road, Ridgefield, CT 06877. At all times relevant hereto, Defendant was Anthony's employer and a "covered entity" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §§ 12111(2) and 12111(5)(A).

## III. Factual Background

6. Anthony worked for Defendant from May 9, 2011 until August 2020. He last held the position of Senior Key Account Manager.

7. Anthony was a long-standing high performing employee who received various promotions, awards, and accolades while employed by Defendant.

8. In December 2019, Anthony was hospitalized after he experienced stroke-like symptoms.

9. Anthony endured several medical exams over the course of a few months and was ultimately diagnosed with a rare ophthalmoplegia known as Tolosa-Hunt Syndrome.

10. Tolosa-Hunt Syndrome is characterized by a sudden onset of symptoms, such as painful eye paralysis, vision impairments, and chronic headaches.

11. Anthony informed Defendant of his medical diagnosis in or around December 2019 and applied for Short-Term Disability Leave, which was approved through June 16, 2020.

12. Anthony transitioned to Long-Term Disability Leave effective June 16, 2020 until November 12, 2020.

13. Throughout the course of his disability leaves, Anthony inquired about possible accommodations, including being assigned to an interim position.

14. In fact, Anthony would have considered any accommodation or flexible arrangement offered to him, but Defendant "would not even consider entertaining the idea" of discussing options with him.

15. Defendant denied Anthony's requests for an accommodation and refused to offer any sympathy toward Anthony regarding his medical condition.

16. Anthony had a doctor's appointment scheduled for November 2020 to discuss his treatment plan and evaluate his ability to resume his responsibilities as Senior Key Account Manager without any restrictions.

17. However, Defendant terminated his employment on or around August 24, 2020 before Anthony was able to discuss these matters with his medical provider.

**Count I**
**Americans with Disabilities Act: Discrimination and Failure to Accommodate**

18. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 17 as if fully restated herein.

19. As described above, Anthony is disabled within the meaning of the ADA, because he is substantially limited in performing the major life activities of concentration and analysis; Defendant perceived him as having such impairments; and he has a record of such impairments.

20. Plaintiff was qualified for the Senior Key Account Manager position, and could perform all essential functions of the position with or without reasonable accommodations. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. § 12111(8).

21. Defendant discriminated against Anthony in a term, condition, or privilege of

employment because of his disability and therefore violated 42 U.S.C. §12112(a).

22. Defendant also refused to make reasonable accommodations for Anthony's known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B).

23. Defendant's violation of the Americans with Disabilities Act was intentional and done with reckless disregard of Anthony's federally protected right to be free of discrimination on the basis of his disabilities.

24. As a direct and proximate result of Defendant's actions Anthony has suffered and continues to suffer damages, including but not limited to:

   a. Lost wages and benefits;

   b. Emotional distress, anxiety, humiliation, and inconvenience.

   c. Costs and expenses of litigation; and

   d. Attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

   a. Back pay and benefits from the time Defendant refused to accommodate him, until the time of trial, with interest;

   b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

   c. Either reinstatement or front pay.

   d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

   e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

   f. A reasonable attorneys fee and costs and expenses of litigation; and

g. Such other legal and equitable relief as the Court deems just and proper.

## Count II
## Americans with Disabilities Act: Retaliation

25. Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully restated herein.

26. As described above, Plaintiff is disabled within the meaning of the ADA; Defendant perceived him as having such an impairment; and he has a record of such an impairment.

27. Defendant discharged Anthony in retaliation for requesting a reasonable accommodation under the ADA, in violation of 42 U.S.C. § 12203(a).

28. Defendant's discharge of Anthony was undertaken with malice or reckless indifference to his federally protected right not to be retaliated against for requesting a reasonable accommodation.

29. As a direct and proximate result of Defendant's discharge of Anthony, Plaintiff has suffered and continues to suffer damages, including, but not limited to:

   a. Lost wages and benefits;
   b. Emotional distress, anxiety, humiliation and inconvenience;
   c. Costs and expenses of litigation; and
   d. Attorneys fees

WHEREFORE, Anthony demands judgment against Defendant for violation of the Americans with Disabilities Act as follows:

   a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

   b. Back pay and benefits from August 24, 2020, until the time of trial, with interest;

c. That Defendant be ordered to reinstate Plaintiff into the position he held on August 24, 2020, and provide him with accumulated seniority, fringe benefits, and all other associated rights or front pay;

d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

f. Reasonable attorney's fees and costs and expenses of litigation; and

g. Such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ Amy N. Williamson, Esq.
Amy N. Williamson
PA I.D. No. 90657
awilliamson@edgarsnyder.com
US STEEL TOWER, 10TH FLOOR
600 GRANT STREET
PITTSBURGH, PA 15219
TELEPHONE: (412) 394-4458
FACSIMILE: (412) 391-7032

*Attorney for Plaintiff*